# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

JOSE ROSARIO-FABREGAS,
             Appellant,

      v.

DEPARTMENT OF THE ARMY,
             Agency.

DOCKET NUMBERS
NY-0752-10-0127-X-2
NY-0752-10-0127-X-3

DATE: August 1, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jose Rosario-Fabregas</u>, San Juan, Puerto Rico, pro se.

<u>Elizabeth Moseley</u>, Esquire, and <u>Elizabeth Vavrica</u>, Esquire, Jacksonville,
    Florida, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The administrative judge issued compliance initial decisions on September 6 and September 8, 2016, in response to two petitions filed by the appellant to enforce the Board's final order reversing his removal. *Rosario-Fabregas v.*

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

*Department of the Army*, MSPB Docket No. NY-0752-10-0127-B-1, Compliance Remand File, Tab 14, Compliance Initial Decision (B-1 CID); *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-0752-10-0127-C-3, Compliance File, Tab 10, Compliance Initial Decision (C-3 CID). For the reasons discussed below, we find the agency in compliance and DISMISS the petitions for enforcement.

## BACKGROUND

¶2      Effective February 12, 2010, the agency removed the appellant from the position of Biologist (Project Manager), GS-12, Army Corps of Engineers, Regulatory Division, San Juan, Puerto Rico. B-1 CID at 1-2. The Board ordered the agency to cancel the removal and reinstate the appellant effective February 12, 2010. B-1 CID at 2. The Board also ordered the agency to provide the appellant with back pay, interest, and other benefits under the regulations of the Office of Personnel Management. *Id.* On December 2, 2011, the agency retroactively cancelled the appellant's removal. *Id.*

First Petition for Enforcement (MSPB Docket No. NY-0752-10-0127-C-1)

¶3      On January 30, 2012, the appellant filed a petition for enforcement, alleging that the agency had not fully complied with the Board's order. B-1 CID at 2. On May 30, 2012, the administrative judge issued a compliance initial decision denying the petition for enforcement and finding that the agency had complied with the Board's order. *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-0752-10-0127-C-1, Compliance File, Tab 8, Compliance Initial Decision. The appellant attempted to file a petition for review of that decision, but the Board did not receive it because it was mailed to an incorrect address. B-1 CID at 2. Therefore, the decision became final on July 4, 2012. *Id.*; *see* 5 C.F.R. §§ 1201.183(a)(4), 1201.113.

<u>Second Petition for Enforcement (MSPB Docket Nos. NY-0752-10-0127-C-2 and NY-0752-10-0127-B-1)</u>

¶4    On February 19, 2013, the appellant filed another submission with the Board, which the Board construed as a second petition for enforcement and forwarded to the administrative judge for initial adjudication. *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-0752-10-0127-C-2, Compliance File, Tab 20, Compliance Initial Decision (C-2 CID) at 3. On December 3, 2013, the administrative judge issued a compliance initial decision granting the petition for enforcement in part. C-2 CID at 6. The appellant filed a petition for review of that decision to the full Board. *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-0752-10-0127-C-2, Petition for Review File, Tab 1.

¶5    In a Remand Order dated September 11, 2014, the Board granted the petition for review and remanded the petition for enforcement, directing the administrative judge to consider the appellant's claim that the agency did not reimburse him for Federal Employee Group Life Insurance (FEGLI) deductions for the time he was unemployed. *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-0752-10-0127-C-2, Remand Order, ¶ 29 (Sept. 11, 2014). The Board also directed the administrative judge to consider the appellant's argument that, because he was misled by the agency, he missed the 90-day deadline under 5 C.F.R. § 1605.13(d) to restore funds he had withdrawn from his Thrift Savings Plan account. *Id.* The Board further directed the administrative judge to order the parties to indicate the status of the request that the Defense Finance and Accounting Service (DFAS) made to the Social Security Administration (SSA) in connection with the appellant's Old Age, Survivors and Disability Insurance (OASDI) and Medicare deductions. *Id.*

¶6    On remand, in a compliance initial decision dated September 6, 2016, the administrative judge found the agency in partial noncompliance with the Board's order, and she directed the agency to have DFAS contact SSA in order to

determine whether SSA made the correct allocations covering the period between the appellant's removal and his reinstatement and provide the Board with documentation regarding DFAS's action.  B-1 CID at 7.

Third Petition for Enforcement (MSPB Docket No. NY-0752-10-0127-C-3)

¶7     While the remanded petition for enforcement in MSPB Docket No. NY-0752-10-0127-B-1 was pending before the administrative judge, on October 9, 2014, the appellant filed another submission with the Board, which was construed as a third petition for enforcement.  C-3 CID at 4.  The administrative judge noted that the appellant alleged that the agency made inconsistent statements regarding the amount of gross back pay owed to him.  C-3 CID at 6.  Accordingly, the administrative judge ordered the agency to have DFAS determine the amount of the gross back pay and submit a clear explanation of DFAS's computations.  C-3 CID at 7.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶8     When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred.  *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005).  The agency bears the burden to prove its compliance with a Board order.  An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence.  *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011).  The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance."  *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶9     As explained above, there are two outstanding compliance issues.  In the compliance initial decision issued in MSPB Docket No. NY-0752-10-0127-B-1, the administrative judge ordered the agency to have DFAS contact SSA in order to determine whether SSA made the correct allocations covering the period

between the appellant's removal and his reinstatement. B-1 CID at 7. In the compliance initial decision in MSPB Docket No. NY-0752-10-0127-C-3, the administrative judge ordered the agency to demonstrate that DFAS paid the appellant the correct amount of gross back pay. Both issues are now before us on referral from these two compliance initial decisions. *See* 5 C.F.R. § 1201.183(b)-(c).

Gross Back Pay

¶10     The agency submitted a statement on October 24, 2016, detailing the amount of back pay paid to the appellant. *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-0752-10-0127-X-3, Compliance Referral File (X-3 CRF), Tab 3. The DFAS specialist who processed the back pay award set forth her calculations regarding gross and net back pay, including interest paid on the back pay amount. *Id.* at 9, 14. The appellant filed multiple objections to these calculations. X-3 CRF, Tabs 4, 5, 6, 10, 11, 13, 14, 15. Many of his objections concerned the underlying merits of his case, while others addressed his views on the competence of agency employees. None presented a specific objection to the back pay or interest calculations. Accordingly, we find that the agency properly calculated and paid the back pay and interest due the appellant.

OASDI/Medicare

¶11     The DFAS specialist's October 13, 2016 declaration also explained the deduction of Social Security and Medicare taxes. X-3 CRF, Tab 3 at 11. The specialist stated that she had spoken with an analyst at SSA regarding the yearly allocations for back pay for each calendar year of the relevant period and that DFAS was awaiting confirmation from SSA that the amounts matched their figures and that the updates were being processed. *Id.* at 13-14.

¶12     In the appellant's submission dated November 14, 2016, he stated that the agency did not provide a clear explanation of its deductions and that it had not yet sent him the SSA-L 191 form. X-3CRF, Tab 4 at 6.

¶13    The Board issued an order on June 9, 2017, directing the agency to submit documentation of how it calculated the OASDI and Medicare deductions for each pay period and provide a clear explanation that the deductions were properly allocated to each pay period within the calendar year. *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-0752-10-0127-X-2, Compliance Referral File (X-2 CRF), Tab 3.

¶14    The agency then provided a declaration from Erron Jackson, a Branch Chief for Civilian Pay Operations at DFAS, dated October 20, 2017. X-2 CRF, Tab 12. In the declaration, Mr. Jackson stated that he had reviewed an audit of the appellant's back pay payments, as well as the allocation of those payments as reported to the Social Security administration. *Id.* at 5. Mr. Jackson reported that the appellant's total back pay was $150,406.08. *Id.* Of this, $148,862.48 was paid to the appellant in January 2012. *Id.* The remaining $1,543.60 was paid in 2013. *Id.*

¶15    The maximum wage limitation for OASDI in 2012 was $110,100, and the employee OASDI tax rate was 4.2%. *Id.* at 6. The employee OASDI tax rate for 2013 was 6.2%. *Id.* Therefore, the appellant's back pay exceeded the maximum wage limitation for OASDI in 2012, but not in 2013. *Id.* Accordingly, DFAS deducted a total of $4,719.91 in OASDI from the back pay award, ($110,100 x 4.2% = $4,624.20) + ($1,543.60 x 6.2% = $95.71) = $4,719.91. *Id.*

¶16    Mr. Jackson explained that the entire back pay award was subject to Medicare deductions, and the appellant had $2,180.89 (1.45%) deducted from the award. *Id.* Mr. Jackson went on to state that DFAS had worked with SSA to address the allocation of the appellant's back pay but that, under SSA's standard procedure, it takes up to a year after the end of a current year for reported wages to appear on an individual's record. *Id.* at 7. He stated that DFAS had confirmed that it had provided all necessary documentation to SSA to enable it to properly allocate the appellant's wages. *Id.* at 7. A copy of DFAS's request to SSA to allocate the appellant's back pay was attached. *See id.* at 22.

¶17    The appellant responded on October 26, 2017, alleging that the agency's calculations of his back pay were incorrect. X-2 CRF, Tab 13. The appellant did not specify what he believed the correct back pay amounts to be, instead alleging that incorrect codes were entered on his Standard Form 50 (SF-50), leading, presumably, to DFAS processing the back pay incorrectly. *See id*. at 5-6. The appellant also alleged that the SSA statement he received in September 2017 contained errors and miscalculations, but he did not identify those alleged errors. *Id.* at 7. Similarly, in an additional response dated October 18, 2018, the appellant alleged that SSA's allocations were not correct, but did not identify any specific inaccuracies. X-3 CRF, Tab 16 at 5.

¶18    On November 26, 2018, the appellant submitted a "Motion to Initiate Enforcement Procedures," in which he reiterated his claim that "SSA personal allocations from 2010 until present are not correct." X-3 CRF, Tab 17 at 5. Again, the appellant did not identify which allocations he believes to be incorrect.

¶19    On April 9, 2019, the appellant submitted a pleading requesting that the Board order the agency to issue two corrected SF-50s in response to the Board's orders of November 30, 2011, and July 1, 2016. X-3 CRF, Tab 18 at 11. The appellant did not provide any support for his claim that additional SF-50s were required to effectuate the Board's order regarding back pay and OASDI contributions. In the absence of any basis for the issuance of new SF-50s, we decline to grant the appellant's request for a Board order on this issue.

¶20    On May 9, 2019, the appellant submitted a "Motion for Adjudication Ripeness," in which he stated that two of his later-filed Board appeals were pending settlement and requested adjudication of his compliance matters. X-3 CRF, Tab 19. As this instant decision constitutes the Board's adjudication of this compliance matter, the appellant's motion is moot. Moreover, the appellant's later-filed removal appeals do not bear on the adjudication of this compliance matter. Accordingly, we deny the appellant's motion.

¶21    As noted above, the agency has provided evidence that it is now in compliance with the Board's order. The agency has cancelled the appellant's removal and reinstated him, effective February 12, 2010, and has provided the appellant with back pay, interest, and other benefits. The agency indicated that it paid the appellant back pay in the amount of $150,406.08, deducting $4,719.91 for OASDI benefits and $2,180.89 for Medicare. The appellant has not alleged any specific error in these amounts. Therefore, we find that the agency has paid the appellant the appropriate amount of back pay and deducted the appropriate amount of OASDI benefits. We also find that the agency has provided an adequate explanation of how the back pay and benefits amounts were determined.

¶22    In light of the agency's evidence of compliance, we find the agency in compliance and dismiss the petitions for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. <span style="color:blue"><u>5 U.S.C. § 7703</u></span>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_, 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction[3].  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:             /s/ for
_____

                          Jennifer Everling
                          Acting Clerk of the Board

Washington, D.C.